**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITADEL SECURITIES AMERICAS LLC, CITADEL SECURITIES AMERICAS SERVICES LLC, CITADEL SECURITIES (EUROPE) LIMITED, and CITADEL MANAGEMENT (EUROPE) II LIMITED, <br><br> *Plaintiffs*, <br><br> v. <br><br> PORTOFINO TECHNOLOGIES AG, PORTOFINO TECHNOLOGIES USA, INC., JEAN CANZONERI, and JOHN DOES 1-10, <br><br> *Defendants*. | Case No. 23 Civ. 5222 (GHW) <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO JEAN CANZONERI'S**
<u>**MOTION TO DISMISS THE AMENDED COMPLAINT**</u>

Timothy S. Martin
Gabrielle E. Tenzer
Michael Ferrara
Christopher R. Le Coney
Andrew L. Chesley
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
tmartin@kaplanhecker.com
gtenzer@kaplanhecker.com
mferrara@kaplanhecker.com
cleconey@kaplanhecker.com
achesley@kaplanhecker.com

October 27, 2023

Plaintiffs Citadel Securities Americas LLC, Citadel Securities Americas Services LLC, Citadel Securities (Europe) Limited, and Citadel Management (Europe) II Limited (collectively, "Citadel Securities") respectfully submit this memorandum of law in opposition to Defendant Jean Canzoneri's Motion to Dismiss the Amended Complaint.

## PRELIMINARY STATEMENT

This case is about Portofino's theft of Citadel Securities' Trade Secrets,[1] confidential information, and employees—in New York and elsewhere—to start a rival high-frequency trading ("HFT") firm. *See* ECF 52 at 1-12. Jean Canzoneri's role in that tortious scheme was simple but crucial. Canzoneri (and other John Doe investors like him) enabled Portofino's misappropriation of Citadel Securities' Trade Secrets by providing the early-stage funding that Portofino required to develop a competing HFT business using Citadel Securities' Trade Secrets. Canzoneri knew Portofino was using Citadel Securities' Trade Secrets; indeed, that is why he invested in the first place, aiming to earn a profit on the back of Portofino's theft. He is liable for aiding and abetting Portofino's misappropriation of Citadel Securities' Trade Secrets.

Canzoneri is a self-described "business angel" who provides seed funding to early-stage technology companies. ¶ 103.[2] Citing Canzoneri's statements on his own LinkedIn profile, the Amended Complaint alleges that Canzoneri provided seed capital to Portofino in January 2021. ¶¶ 9, 103.[3] At the time of Canzoneri's investment, Portofino's founders were employed by Citadel

---

[1] Capitalized terms used here and not otherwise defined have the meaning ascribed in the Amended Complaint, ECF 25.

[2] References to "¶ __" are to paragraphs of the Amended Complaint, ECF 25. References to "MOL __" are to the Memorandum of Law in Support of Canzoneri's Motion to Dismiss, ECF 40. References to "Ex. __" are to exhibits to the Declaration of Timothy S. Martin in Support of Plaintiffs' Oppositions to Defendants' Motions to Dismiss, ECF 51.

[3] Prior to February 2023, Canzoneri's LinkedIn profile indicated that he invested in Portofino in *January 2020*, *fifteen months* before Portofino's founders resigned from Citadel Securities. ¶ 103 n.9. In February 2023, Canzoneri's LinkedIn page was revised to state that he invested in Portofino in *January 2021*, still several months before Portofino's founders resigned from Citadel Securities. ¶¶ 103, 105. Between the filing of the Amended Complaint in July 2023 and the date of this filing, Canzoneri revised his LinkedIn profile yet again. Now his profile says he invested in Portofino in *May 2021*, conveniently re-dating his investment to after Portofino's founders left Citadel Securities. *See* Ex. C.

1

Securities and were using Citadel Securities' Trade Secrets and confidential information. ¶¶ 89, 158-162. That access to, and experience with, Citadel Securities' Trade Secrets was, as Portofino told investors (like Canzoneri), "a crucial differentiating factor" that would allow Portofino to "[r]eplicate the most successful trading business model"—*i.e.*, copy Citadel Securities. ¶¶ 96, 100.

Based on Portofino's investor pitch materials and other information known to Citadel Securities, the Amended Complaint alleges that Canzoneri knew full well that he was investing in a company that had unfettered access to, and would misappropriate, Citadel Securities' Trade Secrets and confidential information, ¶ 218, which were developed in, resided in, and stolen from, in significant part, New York, ¶¶ 73, 79, 168, 180, 194. The Amended Complaint further alleges that, but for Canzoneri's (and others') investment, Portofino would not have had the financial resources to use Citadel Securities' Trade Secrets and confidential information to launch a competing business that, according to LinkedIn, now employs dozens of employees across five offices around the world—including in New York. ¶¶ 103, 130, 219-220. These allegations and the reasonable inferences drawn therefrom, which are construed in Citadel Securities' favor and accepted as true, *see* ECF 52 at 12, establish jurisdiction pursuant to CPLR 302(a)(3)(ii) and state a claim for aiding and abetting Portofino's misappropriation. Canzoneri's motion to dismiss for lack of personal jurisdiction and failure to state a claim should be denied.

## ARGUMENT

### I. THIS COURT HAS PERSONAL JURISDICTION OVER CANZONERI

Pursuant to CPLR 302(a)(3)(ii), this Court has jurisdiction over non-resident defendants whose tortious conduct abroad caused injury in New York, so long as the defendant "expect[ed] or should reasonably [have] expect[ed]" its tortious conduct to have consequences in New York "and derives substantial revenue from interstate or international commerce." Canzoneri contests the Court's personal jurisdiction under CPLR 302(a)(3)(ii) on several bases, all of which fall short.

2

Canzoneri begins by arguing that Citadel Securities has not sufficiently alleged it was injured in New York as a result of Defendants' misconduct. MOL 5-6. This argument misapprehends both the law and the pleadings. In fact, the Amended Complaint alleges at length the loss and diminution in value of the Trade Secrets and confidential information that Citadel Securities has suffered. ¶¶ 221, 226-228, 234. New York courts have repeatedly found this type of injury to be a sufficient basis for exercising jurisdiction under CPLR 302(a)(3) because the harm to the Trade Secrets is particularized and goes beyond the general downstream economic consequences that were found insufficient in the cases Canzoneri cites. *See* ECF 52 at 26-27; *see also, e.g.*, *CrossBorder Sols., Inc. v. Macias, Gini, & O'Connell, LLP*, 2022 WL 562934, at *5 (S.D.N.Y. Feb. 23, 2022) (exercising jurisdiction under CPLR 302(a)(3) where defendant knowingly encouraged theft of trade secrets from New York); *Mfg. Tech., Inc. v. Kroger Co.*, 2006 WL 3714445, at *2 (S.D.N.Y. Dec. 13, 2006) (same). Put simply, Citadel Securities has suffered an injury in New York over which this Court has jurisdiction pursuant to CPLR 302(a)(3)(ii).

Canzoneri next argues that the Amended Complaint fails to allege facts "plausibly showing" that he "expected or should reasonably have expected" his actions would have consequences in New York. MOL 7-8. Not so. Citadel Securities has an office in New York, ¶ 37, and Canzoneri publicly identifies himself as a seed investor for a company that advertises its New York office *on the very same platform*—LinkedIn—where Canzoneri touts his investment. *Compare* Ex. A, *with* ¶ 103. These facts give rise to a reasonable inference that Canzoneri knew his funding of Portofino would have consequences in New York. *Cf. Travel Leaders Group, LLC v. Corley*, at *5 (S.D.N.Y. Dec. 5, 2019) (defendant's public promotion of its ties to New York supported reasonable inference that defendant should have expected tortious acts would have consequences in New York), *report and recommendation adopted*, 2022 WL 950957 (S.D.N.Y. Mar. 30, 2022).

3

Canzoneri's attempt to evade jurisdiction by pointing to 302(a)(3)(ii)'s requirement that he derive revenue from "interstate or international commerce" is equally unavailing. MOL 7-8. Canzoneri lives and works in France. MOL 2. He is an investor in Portofino, which is based in Switzerland. ECF 43-1. His LinkedIn profile notes that he is a board member of at least two companies based in London and that he is the co-founder and co-chairman of Ogury, whose website lists 25 offices around the world, including one in New York. *See* Ex. D. There can be no dispute that Canzoneri derives revenue from international commerce. Even if there were, "[d]ismissal is inappropriate even where 'there is *no proof*' that a defendant 'derives substantial revenue from interstate or international commerce,' where that 'knowledge is peculiarly under the control of the defendant,' and may come to light in the course of '[s]ubsequent discovery.'" *Mfg. Tech., Inc.*, 2006 WL 3714445, at *3-4 (emphasis added).

Lastly, Canzoneri concedes that CPLR 302(a)(3) imposes stricter requirements for the exercise of jurisdiction than are imposed by the U.S. Constitution. MOL 4. Accordingly, for all the reasons discussed above, Canzoneri's due process argument likewise fails. There is no infringement upon "fair play and substantial justice," *id.* at 8, where a self-described seed investor who invests in companies around the world is sued in New York to redress his aiding and abetting the tortious conduct of a company that advertises New York operations and caused injury in New York.[4]

## II.   THE AMENDED COMPLAINT STATES A CLAIM FOR AIDING AND ABETTING

Canzoneri's argument that the Amended Complaint fails to state a claim for aiding and abetting Portofino's misappropriation of trade secrets and confidential information also fails. *First*,

---

[4] This Court's exercise of jurisdiction over Canzoneri will be further bolstered in discovery, as indicated by documents recently produced in the Employee Arbitration that establish the requisite jurisdictional nexus. Such discovery will show that Canzoneri was not only involved in introducing New York-based investors to Portofino, but that he also played a key role in encouraging Lancia to leave Citadel Securities and found Portofino using Citadel Securities' Trade Secrets. Canzoneri's conduct is the definition of aiding and abetting misappropriation.

4

Canzoneri's argument that the Amended Complaint fails to plead the stolen Trade Secrets with sufficient specificity, as well as facts showing misappropriation, is meritless for all the reasons set forth in Citadel Securities' opposition to Portofino's motion to dismiss. *See* ECF 52 at 28-35.

*Second*, Canzoneri's argument that Citadel Securities fails to allege his actual or constructive knowledge of Portofino's misconduct, MOL 10, ignores the Amended Complaint. In fact, the Amended Complaint alleges Canzoneri's actual or constructive knowledge in numerous places. *See* ¶¶ 4, 10-11, 15, 96-104, 111, 115-116, 215-221. It alleges that when Canzoneri stepped in as Portofino's "business angel," he knew its founders were still at Citadel Securities. ¶ 218. It also alleges that when Portofino was seeking startup funding, it pitched investors by touting the founders' roles as "senior leaders" at Citadel Securities, Portofino's intention to "replicate" Citadel Securities' trading model, and Portofino's experience with Citadel Securities' Trade Secrets as a "crucial differentiating factor." ¶¶ 156-159. Because Portofino made clear to investors that it would use Citadel Securities' Trade Secrets to shortcut its development process, it is more than reasonable to infer that Canzoneri knew Portofino was stealing Citadel Securities' Trade Secrets. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp.*, 709 F.3d 109, 121 (2d Cir. 2013) ("[C]ourts may draw a reasonable inference of liability when the facts are suggestive of . . . a finding of misconduct."). The single case Canzoneri cites, *Liberman v. Worden*, 268 A.D.2d 337, 338 (1st Dep't 2000), merely holds that to state a claim for aiding and abetting, a plaintiff must allege a defendant's actual or constructive knowledge. That is what the Amended Complaint does.[5]

---

[5] Canzoneri also asks that the Court stay this case should it deny his motion to dismiss. Citadel Securities opposes that stay request for the same reasons set forth in its opposition to Portofino's motion to dismiss. *See* ECF 52 at 39-40. Citadel Securities also requests leave to file a Second Amended Complaint should the Court be inclined to grant Canzoneri's motion to dismiss. *See id.* at 39 n.14.

5

**CONCLUSION**

For all the reasons set forth above, Plaintiffs respectfully submit that Canzoneri's motion to dismiss the Amended Complaint, or, in the alternative, to stay this action, should be denied.

Dated: New York, New York
      October 27, 2023

Respectfully submitted,

 /s/ Timothy S. Martin
Timothy S. Martin
Gabrielle E. Tenzer
Michael Ferrara
Christopher R. Le Coney
Andrew L. Chesley
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
tmartin@kaplanhecker.com
gtenzer@kaplanhecker.com
mferrara@kaplanhecker.com
cleconey@kaplanhecker.com
achesley@kaplanhecker.com

*Counsel for Citadel Securities Americas LLC, Citadel Securities Americas Services LLC, Citadel Securities (Europe) Limited, and Citadel Management (Europe) II Limited*