USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
CITADEL SECURITIES AMERICAS LLC, *et al.*,                    :
                                                              :
                                    Plaintiffs,               :    1:23-cv-5222-GHW
                                                              :
              -v-                                             :    MEMORANDUM OPINION &
                                                              :    ORDER
PORTOFINO TECHNOLOGIES AG, *et al.*,                          :
                                                              :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I.   INTRODUCTION

In March 2021, Leonard Lancia and Alex Casimo left their jobs at Citadel Securities (Europe) Limited in London, where they worked in European options trading. Shortly thereafter, the two founded Portofino Technologies AG, a Swiss corporation that focuses on high-frequency cryptocurrency trading. Jean Canzoneri is alleged to have provided Portofino's founders "seed funding" around January 2021, before Lancia and Casimo had left Citadel. Citadel claims that Portofino misappropriated Citadel's trade secrets and further claims that Canzoneri aided and abetted this conduct by providing the investment needed for Lancia and Casimo to form Portofino. Canzoneri moves to dismiss the claim against him for lack of personal jurisdiction and failure to state a claim. He alternatively requests that the Court stay the case pending resolution of a London arbitration of related matters. Because Plaintiffs fail to allege facts demonstrating the Court's personal jurisdiction over Canzoneri pursuant to New York's long arm statute, Canzoneri's motion to dismiss the aiding and abetting claim against him is GRANTED.

## II.     BACKGROUND

### A. Facts[1]

#### 1. The Parties

Plaintiffs Citadel Securities Americas LLC and Citadel Securities Americas Services LLC are Delaware limited liability companies with headquarters and principal places of business in Miami, Florida. Dkt. No. 25 ("Am. Compl.") ¶¶ 18–19. Plaintiffs Citadel Securities (Europe) Limited and Citadel Management (Europe) II Limited (collectively, "Citadel Europe") are private limited companies incorporated and domiciled in the United Kingdom, with their principal places of business in London. *Id.* ¶¶ 20–21.[2]

Defendant Portofino Technologies AG is a Swiss corporation, incorporated in April 2021, that holds itself out as having offices in Zug, Switzerland as well as London, New York, Amsterdam, and Singapore. *Id.* ¶¶ 22, 106. Defendant Portofino Technologies USA, Inc. is a Delaware corporation.[3] *Id.* ¶ 23. This opinion will refer to the defendant corporate entities collectively as "Portofino."

Defendant Jean Canzoneri (hereinafter "Defendant") is a French citizen, who Plaintiffs allege resides in Milan, Italy.[4] *Id.* ¶ 24.

#### 2. Defendant's Investment in Portofino

Leonard Lancia and Alex Casimo were employees of Citadel Europe. *Id.* ¶¶ 75, 80. While

---

[1] At the motion to dismiss stage, the Court accepts the following facts set forth in the Amended Complaint, Dkt. No. 25 ("Am. Compl.").
[2] Citadel Securities (Europe) Limited is owned by its sole shareholder, CSHC Europe LLC, a Delaware limited liability company, and Citadel Management (Europe) II Limited is owned by its sole shareholder, Citadel Hedge Fund Holdings II LP, a Delaware limited partnership. *Id.* ¶¶ 20–21.
[3] Plaintiffs allege that Portofino Technologies USA, Inc. is an alter ego of Portofino Technologies AG. *Id.* ¶ 30. Namely, Plaintiffs allege that the two entities "share common owners who operate them as a single economic unit," that Portofino Technologies USA is "financially dependent on these common owners," that Portofino Technologies USA "primarily transacts the business of Portofino Technologies AG," and that Portofino Technologies USA "exhibits no corporate formalities that would indicate it is anything other than an alter ego of Portofino Technologies AG." *Id.*
[4] Defendant submitted an affidavit asserting that at the time of the events alleged in the Amended Complaint, he was living in France. Dkt. No. 41, Decl. of Jean Canzoneri, ¶ 2.

still employed by Citadel Europe, Lancia and Casimo began developing a high-frequency cryptocurrency ("crypto") trading business as early as September 2020. *Id.* ¶¶ 89–97. That business would eventually become Portofino. *Id.* ¶ 105–06. Lancia and Casimo began soliciting investors for Portofino as early as October 2020, five months before they resigned from Citadel. *Id.* ¶¶ 98–101.

Defendant, a "tech-industry investor and self-proclaimed 'business angel,'" posted on his LinkedIn profile that he was a "Seed Investor" in Portofino as early as January 2021.[5] *Id.* ¶ 103. Plaintiffs allege that Defendant knew "that at the time of [his] investment[] in 2020 or 2021, Portofino's founders were still employed by Citadel Securities . . . and, because of the nature of their jobs, had unfettered access to its [t]rade [s]ecrets and other confidential information, as well as obligations to safeguard and not steal those secrets." *Id.* ¶ 218.

### 3. The Alleged Misappropriation of Trade Secrets

Plaintiffs allege that Portofino deliberately misappropriated Citadel's trade secrets, specifically Citadel's proprietary trading strategies, research methodology, simulations, and crypto-related business plans. *Id.* ¶¶ 2, 52. Plaintiffs allege that Lancia and Casimo used their access to Citadel's trade secrets, *id.* ¶¶ 83–84, to develop and operate Portofino's high-frequency crypto trading business, *id.* ¶¶ 161–65.

Additionally, Plaintiffs allege that Portofino induced two Citadel employees, Taym Moustapha and Vincent Prieur, to leave Citadel Europe's London office and Citadel's New York office, respectively, and to share the trade secrets they became aware of while working at Citadel. *Id.* ¶¶ 171–94, 206–10. Plaintiffs allege that Portofino began to recruit Prieur in October 2021. *Id.* ¶ 118. Prieur visited Portofino's offices in Switzerland in November 2021, and in January 2022, he resigned from Citadel. *Id.* ¶¶ 119, 122. He began working for Portofino in April 2022. *Id.* ¶ 123.

---

[5] Defendant's LinkedIn profile previously stated that he was a seed investor as early as January 2020. Am. Compl. ¶ 103 n.9.

Plaintiffs further allege that after misappropriating these trade secrets in order to build its crypto trading platform, Portofino attempted to solicit investors, including investors in New York. *Id.* ¶¶ 110–11.  Lancia allegedly traveled to New York in the summer of 2021 "to meet with additional potential Portofino investors."  *Id.* ¶ 115.

### B. Procedural History

This case was removed from the Supreme Court of the State of New York, County of New York, on June 20, 2023.  Dkt. No. 1.  Plaintiffs filed their Amended Complaint on July 21, 2023.  Dkt. No. 25.  On August 22, 2023, the Court stayed discovery pending the outcome of the anticipated motions to dismiss.  Dkt. No. 36.  On September 18, 2023, Defendant filed a motion to dismiss the Amended Complaint as against himself pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Dkt. No. 39.  He also moved in the alternative to stay this case pending resolution of a London arbitration of related matters.  *Id.*  Defendant filed a memorandum of law in support of the motion on September 18, 2023.  Dkt. No. 40.  Plaintiffs filed a memorandum of law in opposition on October 27, 2023.  Dkt. No. 53.  Defendant filed a reply on November 17, 2023.  Dkt. No. 55.

### III. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(2), the "plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003) (per curiam)); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.").  To defeat a jurisdiction-testing motion, the plaintiff's burden of proof "varies depending on the procedural posture of the litigation."  *Dorchester*

4

*Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). At the pleading stage—and prior to discovery—a plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.* at 84–85; *see also Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013))).

If a court considers only pleadings and affidavits, the plaintiff's *prima facie* showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)). The allegations made by the plaintiff in the complaint "must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). If the parties present conflicting affidavits, however, "all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Seetransport Wiking*, 989 F.2d at 580 (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990) (per curiam)). "In determining whether a plaintiff has met this burden, [a court] will not draw argumentative inferences in the plaintiff's favor, nor must [a court] accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks*, 714 F.3d at 673 (internal citations and quotation marks omitted).

District courts "resolving issues of personal jurisdiction must . . . engage in a two-part analysis. First, they must determine whether there is jurisdiction over the defendant under the relevant forum state's laws . . . . Second, they must determine whether an exercise of jurisdiction

5

under these laws is consistent with federal due process requirements." *Bank Brussels Lambert*, 171 F.3d at 784.

## IV. DISCUSSION

Plaintiffs have not met their burden to establish that the Court has jurisdiction over Defendant pursuant to New York's long-arm statute. Plaintiffs contend that the Court has personal jurisdiction over Defendant pursuant to N.Y. C.P.L.R. § 302(a)(3). Am. Compl. ¶ 34. Section 302(a)(3) provides that

> a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. § 302(a)(3). This provision "requires commission of a tortious act outside New York State which causes injury within the State." *Best Cellars Inc. v. Grape Finds at Dupont, Inc.*, 90 F. Supp. 2d 431, 448 (S.D.N.Y. 2000). "[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d. Cir. 2001) (quoting *Bank Brussels Lambert*, 171 F.3d at 791). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990)).

"Courts apply an objective test to determine whether a defendant expects or should have expected an act to have in-state consequences." *Sidik v. Royal Sovereign Intl., Inc.*, No. 17-CV-7020 (JS)(ARL), 2020 WL 5441306, at *6 (E.D.N.Y. Sept. 10, 2020) (citing *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999)). Section 302(a)(3)(ii) requires "a closer expectation of consequences within the State than the indirect financial loss resulting from the fact that the injured

6

person resides or is domiciled there." *Penguin Group (USA) Inc. v. Am. Buddha*, 946 N.E.2d 159, 162 (N.Y. 2011) (quoting *Fantis Foods, Inc. v. Stand. Importing Co., Inc.*, 402 N.E.2d 122, 126 (N.Y. 1980)).

Plaintiffs' allegations offer no basis other than the fact that Citadel has an office in New York to infer that Defendant would reasonably expect the consequences of Portofino's conduct to be felt in New York. All of the allegedly tortious conduct touching New York—Portofino poaching Prieur, Prieur misappropriating trade secrets from Citadel's New York office, and Portofino using the trade secrets to solicit New York investors—occurred after Defendant allegedly provided seed funding to the Portofino founders in January 2021. Am. Compl. ¶¶ 102–03. According to the Amended Complaint, at the time Defendant invested in Portofino in January 2021, he was an investor in France, living in Italy, giving seed money to an unincorporated European firm started by two Citadel Europe employees from London. *See* Am. Compl. ¶¶ 16, 24, 75, 80. There are simply no allegations that Defendant's conduct had any foreseeable consequence in New York other than "indirect financial loss resulting from the fact that" Citadel has a New York office. *Penguin Group*, 946 N.E.2d at 162; *see also Lipson v. Birch*, 46 F. Supp. 3d 206 (E.D.N.Y. 2014) (holding that the plaintiff failed to show that the defendants had a reasonable basis to expect their fraud to have consequences in New York, even though the injured plaintiff lived in New York).

While Plaintiffs argue that Portofino advertised a New York office on LinkedIn as of May 2023, this fact is likewise insufficient to support a reasonable expectation that Defendant's investment would have consequences in New York. First, Plaintiffs do not allege that this LinkedIn post was live over two years earlier when Defendant invested, a time when Lancia and Casimo still worked for Citadel and before Portofino was even incorporated. Second, a single LinkedIn post saying that Portofino has an office—with no further details—in New York does not necessarily imply that, as of January 2021, any of Citadel's "trade secrets [would be] acquired" or misappropriated in New York, *Sybron Corp. v. Wetzel*, 385 N.E.2d 1055, 1059 (N.Y. 1978); that

7

Portofino intended to "reach customers in New York," *Travel Leaders Group, LLC v. Corley*, No. 19-CV-1595 (GBD)(JLC), 2019 WL 6647319, at *5 (S.D.N.Y. Dec. 5, 2019), *report and recommendation adopted*, 2022 WL 950957 (S.D.N.Y. Mar. 30, 2022); or that any resultant injury would be caused from the New York office.

Because Plaintiffs have not shown that Defendant expected or should have reasonably expected that his investment in Portofino would have consequences in New York, Plaintiffs have not established that New York's long arm statute, N.Y. C.P.L.R. § 302(a)(3), confers personal jurisdiction over Defendant. And because the Court does not have personal jurisdiction pursuant to New York's long arm statute, the Court lacks personal jurisdiction over Defendant; the Court need not address the due process analysis. *Penguin Grp. (USA) Inc.* v. *Am. Buddha*, 609 F.3d 30, 41 (2d Cir. 2010) ("We do not, as a general matter, conduct the due process analysis until we have first determined that there is personal jurisdiction under New York's Long-Arm Statute.").[6]

## V.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiffs have failed to plead facts sufficient for the Court to exercise personal jurisdiction over Defendant.

Because the Court cannot conclude that further amendment of the complaint would be futile, the Court grants Plaintiffs leave to file a second amended complaint solely to cure the deficiencies identified in this opinion no later than 30 days from the date of this order. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015).

---

[6] Because the Court lacks personal jurisdiction over Defendant, the Court need not address the merits of Defendant's Rule 12(b)(6) motion. However, the Court notes that Plaintiffs' allegation that Defendant knew that Lancia and Casimo worked at Citadel is insufficient to show that Defendant knew that they would steal or otherwise misappropriate Citadel's trade secrets when they left to create Portofino. *See Bigio v. Coca-Cola Co.*, 675 F.3d 163, 172 (2d Cir. 2012) ("[U]nder New York law, a plaintiff generally states a claim for aiding and abetting upon alleging facts sufficient to support an inference of . . . the defendant's knowledge of the underlying tort." (internal quotation marks omitted)). Nor can Plaintiffs rely on the October 2020 pitch deck allegedly representing Portofino's intention to "replicate" Citadel's trading strategies, *see* Am. Compl. ¶ 7, because Plaintiffs do not allege that this pitch deck was shown to Defendant. The Amended Complaint only alleges that the pitch deck was sent to the investment firm 7percent Ventures Ltd. *Id.* ¶¶ 7, 100.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 39.

SO ORDERED.

Dated: October 31, 2024
       New York, New York

_____
GREGORY H. WOODS
United States District Judge