USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                 :
CITADEL SECURITIES AMERICAS LLC, *et al.*,    :
                                                 :
                                   Plaintiffs,   :                 1:23-cv-5222-GHW
                                                 :
                              -v-                          :                      <u>ORDER</u>
                                                 :
PORTOFINO TECHNOLOGIES AG, *et al.*,         :
                                                 :
                                    Defendants.   :
                                                 :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On September 19, 2023, Defendants requested that the Court direct that Exhibits 1 and 2 at Dkt. No. 45 be filed under seal. Dkt. No. 44. Plaintiffs join the motion. *See* Dkt. No. 45. Defendants' request is granted.

       In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted.  The documents sought to be sealed are judicial documents.  However, the weight of the presumption is low; the information sought to be sealed is limited to the statements of claims and defenses in a confidential arbitration in another forum.  The documents have some relevance to Defendants' motion to stay this action pending resolution of the arbitration, which the Court denied.  *See* Dkt. No. 63.  However, the factors that counsel against disclosure—principally the privacy interests of the parties to the arbitration—outweigh the public's interest in disclosure of the substance of the arbitration documents at this time.  As a result, the motion to seal is granted.  This determination is made only with respect to the information at issue at this stage of the case and on this record.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 44.

SO ORDERED.

Dated: October 31, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge