December 5, 2024

**BY CM/ECF**

Hon. Gregory H. Woods
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:    *Citadel Securities Americas, LLC, et al. v. Portofino Technologies AG, et al.*, No. 23 Civ. 5222 (GHW)

Dear Judge Woods:

In accordance with the Court's Order of October 30, 2024, ECF 64, the parties in the above-captioned action respectfully submit this joint letter to apprise the Court of the status of this matter in advance of the telephonic conference scheduled for 4:00 p.m. on December 12, 2024.

**(1)**     **Nature of the Case, Principal Claims and Defenses, and Major Legal and Factual Issues**

The Amended Complaint, ECF 25 ("Complaint" or "Compl."), alleges that Defendants Portofino Technologies AG and Portofino Technologies USA (collectively, "Defendants" or "Portofino") misappropriated trade secrets and confidential information from Plaintiffs Citadel Securities Americas LLC, Citadel Securities Americas Services LLC, Citadel Securities (Europe) Limited, and Citadel Management (Europe) II Limited (collectively, "Plaintiffs" or "Citadel Securities"). Citadel Securities brings against Portofino a claim for violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, as well as claims under New York law for misappropriation of trade secrets and confidential information, unfair competition, unjust enrichment, and tortious interference with contract as to Portofino's recruitment of former Citadel Securities employee Vincent Prieur. *See* Compl. ¶¶ 222–276.

The principal legal and factual issues remaining in the case following the Court's decisions on the motions to dismiss, ECF 63 & 65, are: (i) whether Plaintiffs possessed cognizable trade secrets; (ii) whether Defendants misappropriated Plaintiffs' trade secrets; (iii) whether Defendants did so willfully and maliciously; (iv) whether Defendants intentionally caused Vincent Prieur to breach his employment contract with Citadel Securities without justification; (v) whether Plaintiffs possessed confidential information; (vi) whether Defendants misappropriated that confidential information; (vii) whether Defendants did so willfully and maliciously; (viii) whether Defendants were unjustly enriched at Plaintiffs' expense; (ix) whether Defendants John Does 1-10 aided and abetted Portofino in its alleged misconduct; (x) what damages Plaintiffs sustained in connection

with Defendants' conduct; and (xi) what other relief Plaintiffs are entitled to, including punitive damages and injunctive relief.

**(2)    Subject Matter Jurisdiction and Venue**

*Plaintiffs' Statement.* This Court has subject matter jurisdiction over Plaintiffs' claim for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, Compl. ¶¶ 222–236, because that claim arises under federal law. *See* 28 U.S.C. § 1331. This Court has supplemental subject matter jurisdiction over Plaintiffs' related state law claims, Compl. ¶¶ 237–276, because those claims are part of the same case or controversy as the federal claim. *See* 28 U.S.C. § 1367(a). Venue in this District is proper because a substantial portion of the events giving rise to Plaintiffs' claims occurred in the Southern District of New York. *See* 28 U.S.C. § 1391(b)(2).

*Defendants' Statement.* When resolving the motion to dismiss, the Court construed the alleged facts in Plaintiffs' favor. Consequently, it found that the Defend Trade Secret Act ("DTSA") applies extraterritorially to Defendants' conduct outside the United States and that it has subject matter jurisdiction over Plaintiffs' DTSA claim. Defendants reserve all rights to challenge such facts and thus to challenge subject matter jurisdiction as discovery progresses. As to the other claims, the Court should decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). To the extent the Court decides to exercise its supplemental jurisdiction, that subject matter jurisdiction is limited to Plaintiffs' claims that are "part of the same case or controversy under Article III of the United States Constitution" as Plaintiffs' DTSA claim. Defendants do not contest venue.

**(3)    Motions**

Plaintiffs' motion for jurisdictional discovery, ECF 48, was mooted by the Court's decision denying Defendants' motion to dismiss (in part), ECF 63. Since the motions to dismiss the Complaint have been decided, ECF 63 & 65, there are no motions currently pending before the Court. The parties will follow Rule 2.E.ii of the Court's Individual Rules of Practice in Civil Cases with respect to any discovery disputes that may arise. At the close of discovery, the parties will evaluate whether they wish to file any motions for summary judgment and/or to exclude the testimony of any experts. Although the parties anticipate proposing a protective order to the Court, they do not intend to make any such application until after the initial pretrial conference.

**(4)    Discovery**

The parties have not yet engaged in discovery. Discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses in this action include documents, communications, source code, expert disclosures, and deposition testimony regarding (i) Plaintiffs' alleged trade secrets and confidential information; (ii) Defendants' alleged misappropriation of Plaintiffs' trade secrets and confidential information; (iii) Defendants' alleged use of Plaintiffs' trade secrets and confidential information, including in the marketplace and in discussions with potential investors; (iv) the identity of Defendants John Does 1-10; (v) Plaintiffs' alleged losses and Defendants' gains from Defendants' misappropriation and use of Plaintiffs' trade secrets and confidential information; (vi) Plaintiffs' employment agreements with Vincent Prieur; and (vii) Defendants' contacts with Vincent Prieur. The parties anticipate obtaining

3

discovery from each other through requests for production, interrogatories, requests for admission, expert disclosures, and depositions pursuant to the Federal Rules of Civil Procedure. The parties also anticipate pursuing extensive third-party discovery, including of foreign entities and individuals through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and letters rogatory. The time required for such international, third-party discovery presents an exceptional circumstance and is part of the reason that the parties have proposed a period of time for the completion of fact discovery that exceeds the period called for in the Court's form Civil Case Management Plan and Scheduling Order.

**(5)   Computation of Damages**

Plaintiffs seek compensatory damages, exemplary and punitive damages, and restitution, in addition to pre-judgment and post-judgment interest and attorneys' fees and costs, *see* Compl. ¶ 277, in an amount to be determined at trial, in order to compensate Plaintiffs for Defendants' acts of misappropriation, tortious interference, unfair competition, and unjust enrichment, as well as Defendants' willful and malicious conduct. More specifically, Plaintiffs are seeking:

- Damages for any actual loss and/or unjust enrichment caused by the misappropriation of Plaintiffs' trade secrets by Defendants in violation of the DTSA and/or New York law, as well as by Defendants' tortious interference with Prieur's employment contract with Plaintiffs, *see* 18 U.S.C. § 1836(b)(3)(B)(i); *Rich v. Fox News Network, LLC*, 939 F.3d 112, 128 (2d Cir. 2019); *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441, 449 (2018).

- Damages in the amount Plaintiffs "would have earned in the absence of [Defendants'] wrongful act, including lost profits directly attributable to the wrongful act or profits earned by [Defendants] that are derived from unfair competition," *24/7 Records, Inc. v. Sony Music Entm't*, 566 F. Supp. 2d 305, 320 (S.D.N.Y. 2008); *see also Rich*, 939 F.3d at 128.

- Restitution for Plaintiffs' unjust enrichment in the amount of the "reasonable value of the benefit conferred upon" Defendants, *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 534 (S.D.N.Y. 2011);

- Exemplary double damages, as well as reasonable attorneys' fees, for Defendants' willful and malicious misappropriation of Plaintiffs' trade secrets in violation of the DTSA, *see* 18 U.S.C. § 1836(b)(3)(C)–(D); and/or

- Punitive damages for Defendants' willful acts in misappropriating Plaintiffs' trade secrets and confidential information, in violation of New York law, *see E.J. Brooks Co.*, 31 N.Y.3d at 446.

Because much of the necessary information is in the exclusive possession of Defendants, Plaintiffs require discovery to make a complete assessment and computation of Plaintiffs' damages. Plaintiffs further expect that the computation of Plaintiffs' damages will depend upon expert analysis and testimony to be developed according to the schedule for expert discovery to be set by the Court.

4

Defendants disagree that Plaintiffs are entitled to any damages.

**(6)   Settlement Discussions**

The parties have engaged in extensive settlement discussions. Although a settlement was reached, it was not finalized. The parties do not request a settlement conference at this time.

**(7)   Other Information**

The parties do not have any other information at this time that they believe would assist the Court in resolving this action.

Respectfully submitted,

*Gabrielle E. Tenzer*

Counsel for Plaintiffs

*Jacob W. Buchdahl*

Counsel for Defendants