IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITADEL SECURITIES AMERICAS LLC, CITADEL SECURITIES AMERICAS SERVICES LLC, CITADEL SECURITIES (EUROPE) LIMITED, and CITADEL MANAGEMENT (EUROPE) II LIMITED,<br><br>    Plaintiffs,<br><br>  v.<br><br>PORTOFINO TECHNOLOGIES AG, PORTOFINO TECHNOLOGIES USA, INC., and JOHN DOES 1-10,<br><br>    Defendants. | Case No.: 23-cv-05222-GHW |

**MEMORANDUM OF LAW IN SUPPORT OF SUSMAN GODFREY LLP'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PORTOFINO DEFENDANTS AND FOR A STAY OF PROCEEDINGS FOR SIXTY DAYS**

1

Susman Godfrey LLP ("Susman Godfrey" or "Counsel") respectfully submits this memorandum of law in support of its motion, pursuant to Local Civil Rule 1.4, to withdraw as counsel of record for Portofino Technologies AG and Portofino Technologies USA, Inc. (collectively "Portofino") in Civil Case No. 23-cv-05222-GHW (the "Action"). Professional considerations require termination of Counsel's representation of Portofino. Portofino has been informed of and consents to the termination of Counsel's representation. *See* Declaration of Jacob W. Buchdahl (hereinafter, "Buchdahl Decl.") ¶ 4. Granting this motion will not prejudice Portofino or any other party.

Counsel also requests that the Court grant an order for a stay of all proceeding for a period of sixty (60) days to enable Portofino to obtain new counsel. That period of time is necessary in order to enable Portofino to find new counsel, and the short stay will not materially impact the Action. *Id.* at ¶ 5.

## STATEMENT OF FACTS

Susman Godfrey has represented Portofino since the inception of the Action and has zealously defended it.

However, at this time, professional considerations that fall under the list of reasons to withdraw enumerated in New York Rules of Professional Conduct Rule 1.16(c) (Declining or Terminating Representation) require the termination of Susman Godfrey's representation of Portofino. Buchdahl Decl. ¶ 3. Granting Counsel's request will not prejudice Portofino or any other party in this Action.

Counsel requests that the Court enter an order for a stay of the Action for a period of sixty (60) days. That period of time is necessary in order to enable Portofino to find new counsel. *Id.* ¶ 5.

Finally, Susman Godfrey is not seeking a retaining or charging lien in the Action. *Id.* at ¶

## ARGUMENT

**I.     SUSMAN GODREY SHOULD BE ALLOWED TO WITHDRAW AS COUNSEL OF RECORD.**

Local Civil Rule 1.4, which governs the permissive withdrawal of counsel, provides that:

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. . . . All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.

Courts have repeatedly allowed counsel to withdraw from matters pursuant to this rule. *See, e.g.*, *UBS AG, London Branch v. Greka Integrated, Inc.*, 1:19-cv-10786-LLS-KNF, Order at 1 (ECF 49) (July 17, 2020).

New York's Rules of Professional Conduct also expressly recognize that withdrawal is appropriate in certain circumstances. *See* N.Y. Rules of Prof'l Conduct R. 1.16(c) (providing a list of enumerated reasons for which counsel may withdraw from representation). Here, Counsel is requesting to withdraw from representation because of professional considerations that fall under the list of reasons enumerated in New York Rules of Professional Conduct Rule 1.16(c). Buchdahl Decl. ¶ 3.

Counsel's statement that it seeks permission to withdraw because of professional considerations provides a satisfactory basis for the Court to grant Counsel's request. *See* N.Y. State Bar Ass'n Comm. on Prof'l Ethics, Advisory Op. 1057 (2015), 2015 WL 4592234, at *3 ("[T]he Rules anticipate that the court usually will not demand the disclosure of confidential information if the lawyer advises the court that 'professional considerations' require

3

withdrawal."). Requiring Counsel to provide further information may require the disclosure of Confidential Information, as defined under New York Rules of Professional Conduct Rule 1.6. Buchdahl Decl. ¶ 3.

## II. THE TIMING OF WITHDRAWAL AND A SHORT STAY OF SIXTY DAYS WILL NOT NEGATIVELY IMPACT THE TIMING OF THESE PROCEEDINGS

"[I]n considering a motion to withdraw pursuant to Local Rule 1.4, the Court must also consider the posture of the case, and whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Karimian v. Time Equities*, 2011 WL 1900092, at *3 (citing cases) (quotations and alterations omitted). "Where discovery in a case has not yet closed and the case is not on the verge of trial readiness, prejudice is unlikely to be found." *Id*. (citing cases) (quotations omitted).

Discovery is in its early stages and granting Counsel's motion to withdraw will not prejudice any party or materially negatively impact the timing of these proceedings. Parties have not started producing documents, and the Court has not yet entered a Protective Order or an ESI Order, let alone schedule this case for trial. Consequently, the posture of this case is at a logical point for withdrawal of counsel as the parties commence substantive discovery. No prejudice will result to any party, and the timing of the proceedings will not be materially disrupted should the Court issue a short stay for a period of sixty days to allow Portofino to retain other counsel.

## CONCLUSION

For all of the foregoing reasons, Susman Godfrey respectfully requests that the Court grant the relief requested herein and enter an order (1) directing that Susman Godfrey and its attorneys Jacob W. Buchdahl, Cory Buland, and Dinis Cheian are relieved as counsel of record for Portofino in this Action; and (2) staying the Action for sixty (60) days.

Dated: April 14, 2025            Respectfully submitted,

                                         By:    */s/ Jacob W. Buchdahl*
                                                                     Jacob W. Buchdahl
                                                                     Cory Buland
                                                                     Dinis Cheian
                                                                     SUSMAN GODFREY L.L.P.
                                                                     One Manhattan West, 50th Floor
                                                                     New York, NY 10001
                                                                     Tel: (212) 336-8330
                                                                     Fax: (212) 336-8340
                                                                     jbuchdahl@susmangodfrey.com
                                                                     cbuland@susmangodfrey.com
                                                                     dcheian@susmangodfrey.com

                                                                     *Attorneys for Portofino Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 14, 2025, I caused a true and correct copy of Memorandum of Law in Support of Susman Godfrey LLP's Motion to Withdraw as Counsel of Record for Portofino Defendants and for a Stay of Proceedings for Sixty Days to be served by electronic means on Portofino and on counsel to all other parties in Civil Case No. 23-cv-05222-GHW.

                                                             */s/ Jacob W. Buchdahl*
                                                             Jacob W. Buchdahl