USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/07/2025

# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITADEL SECURITIES AMERICAS, LLC, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 1:23-cv-5222-GHW<br>) |
| - v - | ) **STIPULATED**<br>) **CONFIDENTIALITY**<br>) **AGREEMENT AND** |
| PORTOFINO TECHNOLOGIES AG, *et al.*, | ) **PROTECTIVE ORDER**<br>) |
| Defendants. | )<br>) |

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a Party or person (the "Designating Party") has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such

Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. The Designating Party may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed material relating to ownership or control of any non-public company;

(c) previously non-disclosed business plans, product-development information, or marketing plans;

(d) personnel files of non-parties to this litigation;

(e) a Party's non-public information;

(f) any information of a personal or intimate nature regarding any individual; or

(g) any other category of information given Confidential status by this Court after the date of this Order.

3. The Designating Party may designate as Highly Confidential – Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

(a) competitively sensitive technical, market, financial, sales, or other business information;

(b) highly sensitive business or personal information, the disclosure of which is likely to significantly harm the Designating Party's competitive position

or business or personal interests; or

(c) alleged trade secrets.

4. With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential or Highly Confidential – Attorneys' Eyes Only information redacted. As to Discovery Material any Party designates as Highly Confidential – Attorneys' Eyes Only, the Designating Party shall also produce within ten (10) days of the designating of such Discovery Material to all other Parties, a log stating with particularity the basis upon which each Highly Confidential – Attorneys' Eyes Only designation is asserted. Such log may present designations in a categorical fashion provided that the Discovery Material in any given category is identified with reference to the beginning Bates number of each document, file, or exhibit, or the specific pages and lines of any transcript so designated, as the case may be.

5. A Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material as set out in this Order. A Party other than the Producing Party may only designate Discovery Materials as Confidential or Highly Confidential – Attorneys' Eyes Only where such Discovery Materials reflect or contain the Designating Party's non-public information and may otherwise be so designated under this Order. A Designating Party other than the Producing Party may designate Discovery Materials by informing the Producing Party within twenty-one (21) days of the production of the Discovery Materials and providing a revised production of the

Discovery Materials in accordance with the other provisions of this Order. After such a revised production is made, all Parties will use the designated version of the Discovery Material for all purposes, subject to the procedure for challenging designations set out in paragraph 15.

6. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential – Attorneys' Eyes Only.

7. The Parties agree and acknowledge that the protections afforded by this Order are insufficient to safeguard and protect the confidentiality of proprietary source code. If production of information related to or containing a Party's proprietary source code becomes necessary during discovery, the Parties agree that they will negotiate in good faith and enter into a separate Source Code Addendum prior to production.

8. If at any time before the termination of this action a Designating Party realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that was previously produced without limitation, the Designating Party may so designate such material by notifying all Parties in writing. Thereafter,

4

all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only. In addition, the Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within two business days of providing such notice. After such a revised production is made, all Parties will use the designated version of the Discovery Material for all purposes, subject to the procedure for challenging designations set out in paragraph 15.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the Parties to this action, their insurers, and counsel to their insurers;

    (b)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (c)    any employee, former employee, agent or independent contractor of any Party who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor to provide such assistance, and provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (meaning someone so retained who is not a past, current, or anticipated future employee of a Party, including direct reports and support staff to the retained expert or consultant), provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(j) this Court, including any appellate court, its support personnel, and court reporters.

11. Where a Designating Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such

information only to the following persons:

    (a)    counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    (b)    outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    (c)    in-house counsel and in-house legal support staff, to whom disclosure is reasonably necessary for this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (e)    in connection with their depositions, witnesses who are current employees, officers, or corporate representatives of the Designating Party;

    (f)    in connection with their depositions, witnesses who are the author, addressee, or custodian of a document;

    (g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

  (i)  this Court, including any appellate court, its support personnel, and court reporters.

  (j)  Any other individual, upon good cause shown, and either agreement from the Parties or order of the Court.

  12.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(c), 10(e), 10(g), 10(h), 11(c), 11(d), or 11(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  13.  This Order binds the Parties and certain others to treat as Confidential or Highly Confidential – Attorneys' Eyes Only any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.  All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

  14.  In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted

copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity each designation it is challenging and describing the grounds of the objection. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in voice-to-voice dialogue within seven (7) days of the date of service of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with the Court's Individual Practices.

16. Prior to disclosing any Confidential Discovery Material to any expert as permitted by subparagraphs 10(h) and 11(g), counsel for the party making the disclosure (if not the Designating Party) shall provide the Designating Party with written notice that includes (a) the expert's name; (b) the expert's up-to-date curriculum vitae; (c) the expert's current employer and title; (d) all cases in which the expert has testified in a deposition or trial in the past four years; and (e) a copy of the Non-Disclosure Agreement in the form annexed as Exhibit A hereto. Further, the party making the disclosure shall provide such other information regarding the expert's professional activities reasonably requested by the Designating Party for it to evaluate whether

good cause exists to object to the disclosure of Confidential Discovery Material to the expert

17. Within seven (7) days of receipt of the disclosure specified in paragraph 16, the Designating Party may object in writing to disclosure of Confidential Discovery Material to the expert for good cause, including an objectively reasonable concern that the expert will, advertently or inadvertently, use or disclose Confidential Discovery Material in a way or ways that are inconsistent with this Order. In the absence of an objection at the end of the seven (7)-day period, the expert shall be deemed approved under this Order. There shall be no disclosure of Confidential Discovery Material to the expert prior to expiration of this seven (7)-day period. If the Designating Party objects to disclosure to the expert, the Parties shall meet and confer via telephone within seven (7) days following the objection and attempt in good faith to resolve this dispute on an informal basis. If the dispute is not resolved, the Designating Party will have ten (10) days from the date of the meet and confer to seek relief from the Court. If relief is sought, the Confidential Discovery Material shall not be disclosed to the expert in question until the Court resolves the objection.

18. The terms of this Order are applicable to information and items produced by a non-party in this action and designated as Confidential Discovery Material. Such information and items produced by non-parties in connection with this litigation are protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

19. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

20. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Designating Party deems it appropriate to do so.

21. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material or confirm their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

22. Each person who has access to Discovery Material designated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. Any person in possession of another Party's or non-party's Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Discovery Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in this Section. Any Personally Identifying Information ("PII") (e.g., Social Security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the

Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Parties must take reasonable precautions to protect Discovery Material and PII from loss, misuse and unauthorized access, disclosure, and alteration.

24. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Designating Party, or destroy such material—including all copies thereof—and certify destruction thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

25. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

26. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/ Michael Ferrara*   */s/ David Slarskey*

Dated: November 6, 2025   Dated: November 6, 2025

SO ORDERED.

Dated: November 7, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITADEL SECURITIES AMERICAS, LLC, *et al.*,  <br><br>　　　　　　　　　　Plaintiffs,  <br><br>　　　- v -  <br><br>PORTOFINO TECHNOLOGIES AG, *et al.*,  <br><br>　　　　　　　　　　Defendants. | Case No. 1:23-cv-5222-GHW  <br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:
Date: