# Hecker Fink LLP

**NEW YORK | WASHINGTON, DC | LOS ANGELES**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

DIRECT DIAL      929.294.2529
DIRECT EMAIL    mferrara@heckerfink.com

July 8, 2026

**BY ECF**
Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007

> Re: *Citadel Securities Americas LLC, et al. v. Portofino Technologies AG, et al.*,
> No. 1:23 Civ. 5222 (GHW)

Dear Judge Woods:

We write on behalf of Plaintiffs Citadel Securities Americas LLC, Citadel Securities Americas Services LLC, Citadel Securities (Europe) Limited, and Citadel Management (Europe) II Limited (collectively, "Plaintiffs" or "Citadel Securities") to advise the Court that Plaintiffs have elected to voluntarily dismiss the above-captioned action pursuant to Federal Rule of Civil Procedure 41(a)(1).

As the Court is aware, Citadel Securities brought employment-related claims against Portofino's founders in a London arbitration and prevailed on claims including breach of contract, unlawful means conspiracy, and deceit. *See* ECF 122-3 (Feb. 25, 2026 Order CL-2026-000035) ¶¶ 3-9. The arbitral tribunal awarded Citadel Securities damages and, as the prevailing party, its legal fees. *See id.* ¶¶ 3-13. Following the arbitration, the High Court of Justice entered a judgment enforcing those awards and rejected Portofino's founders' attempts to overturn them. *See id.*; ECF 122-4 (Feb. 25, 2026 Order CL-2026-000028).

The arbitration did not adjudicate Citadel Securities' trade secret claims, which are the subject of this action. Indeed, this Court rejected Defendants' efforts to stay this case pending the London arbitration, noting that Citadel Securities' trade secret claims "are distinct from the breach of contract claims asserted against the individual defendants in the arbitration." ECF 67 at 42:5-9. Citadel Securities remains confident in the merits of its trade secret claims. Since obtaining a final judgment in the London proceedings, however, Citadel Securities has been engaged in extensive efforts to enforce the approximately £6 million judgment against Portofino's founders, ECF 122-3 ¶¶ 3-14, which remains unpaid, despite the fact that Portofino's principal, Leonard Lancia, is subject to a worldwide freezing order and faces bankruptcy proceedings arising from his failure to pay. At a public hearing before the High Court of Justice on June 26, 2026, valuation evidence presented by Mr. Lancia failed to persuade the Court that his ownership interest in Portofino has significant value. These developments have led Citadel Securities to believe that further litigation

Hecker Fink LLP

would likely yield little more than *another* unsatisfied judgment. Citadel Securities remains fully confident that it would prevail on the merits of its trade secret claims. Because it now views Portofino as unlikely to satisfy any meaningful judgment, however, Citadel Securities has elected to devote its resources to enforcing the judgment it has already won rather than incurring the substantial additional expense of obtaining another one.

Accordingly, as noted in the just-filed stipulation, Plaintiffs dismiss their claims against Defendants Portofino Technologies AG and Portofino Technologies USA, Inc. by joint stipulation under Rule 41(a)(1)(A)(ii) and dismiss their claims against the Doe Defendants by notice under Rule 41(a)(1)(A)(i). These dismissals are with prejudice.

We thank the Court for its attention to this matter.

Respectfully submitted,

Michael Ferrara
Kate L. Doniger
Damaris Hernández
Gabrielle E. Tenzer
Andrew L. Chesley

*Attorneys for Plaintiffs*

cc: Counsel of Record (via ECF)